**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Latonya Wrenn, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No.: 1:13-cv-00038 |
| Greystone Alliance, LLC, | : |
| | : |
| Defendant. | : |
| | : |

**COMPLAINT**

For her Complaint, Plaintiff, Latonya Wrenn, by undersigned counsel, states as follows:

**JURISDICTION**

1.      This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., a consumer protection statute prohibiting

debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1331.

3.      Jurisdiction over Plaintiff's claims sounding in violations of the District of

Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C.

§ 1367(a).

4.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendant

transact business in the District and a substantial portion of the acts giving rise to this action

occurred in the District.

## PARTIES

5.      The Plaintiff, Latonya Wrenn ("Plaintiff"), is an adult individual residing in Washington, District Of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      The Defendant, Greystone Alliance LLC ("Greystone"), is a business entity with an address of 255 Great Arrow Avenue, 2nd Floor Suite 15, Buffalo, New York 14207.  As its principal business, Greystone regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another.  As such, Greystone is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

7.      Does 1-10 (the "Collectors") are individual collectors employed by Greystone and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      Greystone at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,055.22 (the "Debt") to Visa (the "Creditor").

10.      The Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.      The Debt was a consumer credit sale or a direct installment loan as those terms are used by DCCPA § 28-3814(a) and defined by § 28-3802.

12.      Subsequently, the Debt went into arrears.

13.      Thereafter, the Debt was purchased, assigned or transferred to Greystone for collection, or Greystone was employed by the Creditor to collect the Debt.

14.     The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B.  Greystone Engages in Harassing Debt Collection Tactics

15.     On or around November 8, 2012, Defendant began contacting Plaintiff in an attempt to collect the Debt.

16.     During the initial conversation between Defendant and Plaintiff, Defendant threatened Plaintiff that if she failed to satisfy the Debt immediately, Defendant would file a lawsuit against her.

17.     To date, no such legal action has been taken.

18.     Defendant's threat caused Plaintiff a great deal of emotional distress.

## C.  Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendant's conduct violated 15 U.S.C. § 1692d  in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false,

deceptive, or misleading representation or means in connection with the collection of a debt.

24.     The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant

threatened to take legal action, without actually intending to do so.

25.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used

unfair and unconscionable means to collect a debt.

26.     The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE DCCPA - D.C. Code § 28-3814

28.     The Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

29.     The Debt arose from a credit transaction for family, household or personal

purposes and meets the definition of "consumer credit sales" under D.C. Code § 28-3814(a)

(2001 ed., as amended).

30.     The Defendant is a "debt collector[s]" as defined by D.C. Code § 28-3814(b)(3)

(2001 ed., as amended).

31.     The Defendant's conduct violated D.C. Code § 28-3814(f)(5) (2001 ed., as

amended), in that Defendant falsely represented or implied the character, extent, or amount of a

debt against the Plaintiff, or of its status in any legal proceeding.

32.     The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the District of Columbia Fair Debt Collection Practices Act, including

every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendant as follows:

1.     Against the named Defendant, jointly and severally, awarding the Plaintiff

actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and D.C. Code § 28-

3814(j)(1);

2.     Against each of the named Defendant, awarding the Plaintiff statutory damages

of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named Defendant, jointly and severally, awarding the Plaintiff

recovery of the Plaintiff's cost of litigation and reasonable attorney's fees

pursuant to 15 U.S.C. § 1692k(a)(3);

4.     Awarding the Plaintiff punitive damages against the named Defendant, jointly

and severally, for its willful violations as is found appropriate pursuant to D.C.

Code § 28-3814(j)(2); and

5.     Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 10, 2013

Respectfully submitted,

By:  _/s/ Jody Burton_____
     Jody B. Burton, Esq.
     Lemberg & Associates L.L.C.
     1100 Summer Street, 3rd Floor
     Stamford, CT 06905
     Telephone: (203) 653-2250
     Facsimile:  (203) 653-3424
     Attorneys for Plaintiff